# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-88-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ELY MASON SCOTT WILLIAMS, | |
| Defendant. | |

## I. Synopsis

Defendant Ely Mason Scott Williams (Williams) has been accused of violating the conditions of his supervised release. Williams admitted alleged violations 1, 2 and 4. Williams denied alleged violation 3. The Court dismissed alleged violation 3 on the government's motion. Williams's supervised release should be revoked. Williams should receive no custody time. Williams should be placed on supervised release for 36 months with the term of supervised release to begin on November 17, 2021.

## II. Status

Williams pleaded guilty to Receipt of a Firearm by a Person Under Indictment on January 29, 2019. (Doc. 19). The Court sentenced Williams to 12

months and 1 day of custody, followed by 3 years of supervised release. (Doc. 32). Williams's term of supervised release began on January 9, 2020. (Doc. 42 at 1).

**Petition**

The United States Probation Office filed a Second Amended Petition on November 12, 2021, requesting that the Court revoke Williams's supervised release. (Doc. 42). The Second Amended Petition alleged that Williams had violated the conditions of his supervised release: 1) by failing to report for substance abuse treatment; 2) by interacting with a person who was engaging in criminal activity; 3) by committing another crime; and 4) by using methamphetamine.

**Initial appearance**

Williams appeared before the undersigned for his initial appearance on November 17, 2021. Williams was represented by counsel. Williams stated that he had read the petition and that he understood the allegations. Williams waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 17, 2021. Williams admitted that he had violated the conditions of his supervised release:

2

1) by failing to report for substance abuse treatment; 2) by interacting with a person who was engaging in criminal activity; and 3) by using methamphetamine. The violations that Williams admitted are serious and warrant revocation of Williams's supervised release.

Williams's violations are Grade C violations. Williams's criminal history category is II. Williams's underlying offense is a Class D felony. Williams could be incarcerated for up to 24 months. Williams could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Williams's supervised release should be revoked. Williams should receive no custody time. Williams should be placed on supervised release for 36 months with the term of supervised release to begin on November 17, 2021. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Williams that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Williams of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Williams that Judge

Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Ely Mason Scott Williams violated the conditions of his supervised release: by failing to report for substance abuse treatment; by interacting with a person who was engaging in criminal activity; and by using methamphetamine

The Court **RECOMMENDS:**

> That the District Court revoke Williams's supervised release and place Williams on supervised release for 36 months with the term of supervised release to begin on November 17, 2021.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 18th day of November, 2021.

John Johnston
United States Magistrate Judge